UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-4147 DMG (Ex)** | Date | June 20, 2016 |
|---|---|---|---|
| Title | *Mattie Belinda Evans v. Bank of America, N.A., et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

On June 10, 2016, Plaintiff Mattie Belinda Evans filed a verified complaint against Defendants Bank of America, N.A., Countrywide Home Loans, Countrywide Bank, FSB, Ocwen Loan Servicing, LLC, Christiana Trust, Recontrust Company, Inc., Fay Servicing, LLC, and Western Progressive alleging (1) lack of standing in violation of California Civil Code § 2924(a)(3), (6); (2) constructive fraud and/or intentional misrepresentation; (3) actual fraud in violation of California civil code § 1572; (4) violation of California and Professions Code § 17200 *et seq.*; (5) elder financial abuse in violation of California Institutions Code § 15601.30; (6) cancellation of void contract in violation of California Civil Codes §§ 1670.5, 1667, 1689 and Financial Code § 22302; (7) request for accounting; (8) account stated; and (9) request for declaratory relief. [Doc. # 1.]

Evans contends that this Court has federal question jurisdiction under 28 U.S.C. § 1331, the Administrative Procedure Act ("APA"), which allows for judicial review of agency actions, 28 U.S.C. § 2201, which authorizes declaratory relief, and 28 U.S.C. § 2202, authorizing injunctive relief. (*Id.* ¶ 16.)

The Complaint does not raise a federal question. All of Evans's claims are brought under state law, and it is axiomatic that federal jurisdiction cannot rest upon an actual or anticipated defense. *See Vaden v. Discover Bank*, 556 U.S. 49, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). That is not the case here.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-4147 DMG (Ex)** | Date | June 20, 2016 |
|---|---|---|---|
| Title | *Mattie Belinda Evans v. Bank of America, N.A., et al.* | Page | 2 of 2 |

Evans also does not have standing to sue in federal court under the APA. The APA "authorizes suit to challenge *a federal agency* by any person adversely affect or aggrieved" by that agency's actions. *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 171, 131 S. Ct. 863, 866, 178 L. Ed. 2d 694 (2011) (citing 5 U.S.C. § 702) (emphasis added). Evans does not name any federal agencies as defendants in this action, and the APA is therefore inapplicable.

Sections 2201 and 2202 provide authorization for federal courts to provide certain types of relief, but do not themselves confer subject matter jurisdiction. *See* 28 U.S.C. § 2201(a) (authorizing a court to grant declaratory relief "[i]n a case of actual controversy within its jurisdiction[.]") and § 2202 (authorizing injunctive relief based on a declaratory judgment).

In light of the foregoing, Plaintiff shall show cause in writing by no later than **June 27, 2016** why this case should not be **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**